IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

GARY MOLES and
VICTORIA G. MOLES,
*individually, and on behalf of all others
similarly situated in West Virginia*,

        Plaintiffs,

v.             CIVIL ACTION NO. 2:20-cv-00279

COLUMBIA GAS TRANSMISSION, LLC and
COMUMBIA PIPELINE GROUP SERVICES
COMPANY,

        Defendants.

**ORDER**

The Court has reviewed the *Defendants' Motion to Dismiss Native Gas Claims in Plaintiffs' Amended Class Action Complaint* (Document 10), the *Defendants' Memorandum in Support of Motion to Dismiss Native Gas Claims in Plaintiffs' Amended Class Action Complaint* (Document 11), the Plaintiffs' *Motion for Leave to Amend Class Action Complaint to Join Plaintiffs* (Document 18), the proposed *Second Amended Class Action Complaint* (Document 18-1), the *Memorandum of Law in Support of Motion for Leave to Amend Class Action Complaint to Join Plaintiffs* (Document 19), and the *Plaintiffs' Response in Opposition to Defendants' Motion to Dismiss Native Gas Claims* (Document 20).

The Plaintiffs are property owners who allege that the Defendants are storing and removing natural gas without having acquired the rights to do so.  The Defendants moved to dismiss

portions of the complaint on the grounds that the named Plaintiffs did not own the oil, gas, or mineral rights, and therefore had no standing to bring a lawsuit regarding the removal of the natural gas. The Plaintiffs' proposed amended complaint adds named Plaintiffs who own mineral rights. The Plaintiffs assert that the proposed amendment moots the motion to dismiss. The Defendants have not responded to the Plaintiffs' motion to amend and have not filed a reply brief regarding the motion to dismiss.

Rule 15(a)(2) of the Federal Rules of Civil Procedure encourages Courts to freely grant motions for leave to amend pleadings "when justice so requires." Fed. R. Civ. P. 15(a)(2). "A district court may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile." *Equal Rights Ctr. v. Niles Bolton Associates*, 602 F.3d 597, 603 (4th Cir. 2010). "Motions to amend are typically granted in the absence of an improper motive, such as undue delay, bad faith, or repeated failure to cure a deficiency by amendments previously allowed." *Harless v. CSX Hotels, Inc.*, 389 F.3d 444, 447 (4th Cir. 2004).

The motion to amend was filed early in the litigation, prior to entry of a scheduling order. There is no evidence or suggestion that the amendment would be prejudicial, was made in bad faith, or would be futile. Therefore, the Court **ORDERS** that the *Plaintiffs' Motion for Leave to Amend Class Action Complaint to Join Plaintiffs* (Document 18) be **GRANTED** and that the proposed *Second Amended Class Action Complaint* (Document 18-1) be **FILED** as a separate docket entry. The Court further **ORDERS** that the *Defendants' Motion to Dismiss Native Gas Claims in Plaintiffs' Amended Class Action Complaint* (Document 10) be **TERMINATED AS MOOT**.

The Plaintiffs' response to the motion to dismiss indicates that the parties anticipate seeking to consolidate this case with a near identical action pending before Magistrate Judge Tinsley, *Parsons, et. al. v. Columbia Gas Transmission, LLC*, et. al., Civil Action Number 2:19-cv-649. The Court **ORDERS** the parties to file any motion to consolidate **no later than August 7, 2020**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

        ENTER:    July 23, 2020

        */s/ Irene C. Berger*
        IRENE C. BERGER
        UNITED STATES DISTRICT JUDGE
        SOUTHERN DISTRICT OF WEST VIRGINIA