**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**CHARLESTON DIVISION**

GARY MOLES and
VICTORIA G. MOLES,
*individually, and on behalf of all others*
*similarly situated in West Virginia*,

                   Plaintiffs,

v.                                      CIVIL ACTION NO.  2:20-cv-00279

COLUMBIA GAS TRANSMISSION, LLC and
COMUMBIA PIPELINE GROUP SERVICES
COMPANY,

                   Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the *Plaintiffs' Motion to Consolidate with Related Pending Civil Action* (Document 28), the *Plaintiffs' Memorandum of Law in Support of Motion to Consolidate with Related Pending Civil Action* (Document 29), the *Defendants' Response to Plaintiffs' Motion to Consolidate* (Document 32), and the *Plaintiffs' Reply Memorandum in Support of Motion to Consolidate* (Document 33), as well as all attached exhibits.  For the reasons stated herein, the Court finds that the motion to consolidate should be granted.

**FACTUAL ALLEGATIONS**

The Plaintiffs filed their *Class Action Complaint* (Document 1) on April 21, 2020.  The active pleading is a *Second Amended Class Action Complaint* (Document 25) filed on July 23, 2020.  The Plaintiffs are surface and/or mineral owners of property in or around Elkview, Kanawha County, West Virginia.  The Defendants, Columbia Gas Transmission, LLC and

Columbia Pipeline Group, Inc. (collectively, "Columbia"), are involved in the transmission, transportation, and storage of natural gas. Columbia operates twelve underground gas storage fields in West Virginia. The named Plaintiffs own either surface or mineral rights to property within the Hunt Storage Field. The Plaintiffs allege that Columbia did not legally acquire the right to store or remove gas from their property.

Columbia and its predecessors obtained a FERC (Federal Energy Regulatory Commission) certificate for the Hunt Storage Field in around 1950 and have been storing gas there since approximately 1951. After obtaining a FERC certificate, companies are required to negotiate use with property owners. Instead, according to the Plaintiffs, Columbia operates the storage fields without negotiating just compensation, or even consistently notifying property owners. The boundaries of the storage fields are not public, so property owners may not be aware of the usage of their property. The Plaintiffs further allege that "Columbia has been storing natural gas in its other eleven storage fields in West Virginia continuously and without interruption since receiving FERC Certificates for those fields." (Sec. Am. Compl. at ¶20.) The unauthorized storage and removal of natural gas has been ongoing in the twelve storage fields in West Virginia since the early 1950s.

The Plaintiffs bring this claim on behalf of a purported class, defined as:

> All persons or entities who own the surface of real property in West Virginia or who hold oil and/or gas mineral rights (fee or leasehold) to real property in West Virginia that is located within the certificated boundaries of a Columbia gas storage field in West Virginia, but as to whom Columbia has not reached agreement regarding compensation for gas storage, has not acquired gas storage rights by contract, and as to which Columbia has not exercised the right of eminent domain.

2

(Sec. Am. Compl. at ¶ 39.)   They allege claims for trespass, conversion, unjust enrichment for use of property for storage, unjust enrichment for obtaining Plaintiffs' native gas without compensation, inverse condemnation, declaratory judgment, and a permanent injunction.

The same Plaintiffs' counsel represent another purported class in a similar suit against the same Defendants, *Parsons et. al. v. Columbia Gas Transmission, LLC, et. al.*, Civil Action No. 2:19-cv-649.   That case, now pending in front of the Honorable Dwane L. Tinsley, United States Magistrate Judge, was initiated on September 10, 2019.[1]   The active pleading is the *Amended Class Action Complaint* (Parsons Document 45), filed on May 19, 2020.   The named Plaintiffs therein own property within the Columbia's Ripley Storage Field.   The factual claims are nearly identical to those in *Moles*.   The purported *Parsons* class, identical to the purported *Moles* class, is defined as:

> All persons or entities who own the surface of real property in West Virginia or who hold oil and/or gas mineral rights (fee or leasehold) to real property in West Virginia that is located within the certificated boundaries of a Columbia gas storage field in West Virginia, but as to whom Columbia has not reached agreement regarding compensation for gas storage, has not acquired gas storage rights by contract, and as to which Columbia has not exercised the right of eminent domain.

(Parsons Am. Compl. at ¶ 48.)   The *Parsons* complaint alleges the same causes of action and contains the same requests for relief.

The current scheduling order in *Parsons*, entered on July 1, 2020, establishes a deadline of September 30, 2020, for the completion of fact discovery, November 30, 2020, for the final exchange of expert reports, and March 15, 2021, for the completion of briefing of a motion for class certification.   The scheduling order in *Moles* establishes a deposition deadline of May 12,

---

1 The parties in both cases have indicated that they consent to trial before a magistrate judge.

2021, a final expert report deadline of April 14, 2021, and a deadline of June 9, 2021, for filing a motion for class certification, with briefing to be completed within the standard deadlines thereafter.

## DISCUSSION

The Plaintiffs urge the Court to consolidate the *Moles* case with the *Parsons* case. They note that the proposed classes are identical, and should class certification be granted, they would be members of the *Parsons* class. They argue that the claims, facts, and law are identical in both cases. They contend that there is no risk of confusion or prejudice if the cases are consolidated, and a failure to consolidate could result in inconsistent judgments. The Plaintiffs further assert that consolidation would reduce the burden on the parties, witnesses, and the Court, permitting more efficient and less expensive resolution of both cases. They argue that similar class actions are particularly well suited for consolidation.

The Defendants oppose consolidation. They argue that individual issues predominate because the claims involve "different parcels of real estate, which relate to different gas storage facilities, in different counties, operating under different Federal Energy Regulatory Commission (FERC) Certificates, which have been in operation for differing amounts of time." (Def. Resp. at 1.) They cite differences in each parcel of real estate, differences in each Plaintiff's ownership rights, as well as Columbia's rights with respect to each parcel, and emphasize that determination of damages would require an individualized assessment. The Defendants further argue that their defenses, including statute of limitations, laches, and adverse possession, will be individualized to each Plaintiff. They argue that consolidation would be confusing and prejudicial, and note that discovery is more advanced in *Parsons*, creating some risk of delay.

In reply, the Plaintiffs contend that the Defendants overstate the individualized issues. They further note that many of the distinctions cited by the Defendants exist between the named Plaintiffs already consolidated in *Moles* and *Parsons*. They argue that "[c]lass actions cases, in particular, can be certified for liability and then Courts have significant flexibility to address differences through the use of sub-classes, special masters, and other measures." (Pl. Reply at 2.)

Rule 42(a) of the Federal Rules of Civil Procedure governs the consolidation of civil actions. Rule 42(a) states that "[w]hen actions involving a common question of law or fact are pending before the court, it may order . . . all the actions consolidated." Fed. R. Civ. Proc. 42(a). The Fourth Circuit Court of Appeals has given district courts the following guidelines to apply when considering a motion to consolidate actions:

> The critical question for the district court . . . was whether [1] the specific risks of prejudice and possible confusion were overborne by the risk of inconsistent adjudications of common factual and legal issues, [2] the burden on the parties, witnesses and available judicial resources posed by multiple lawsuits. [3] the length of time required to conclude multiple suits as against a single one, and [4] the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Arnold v. Eastern Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982). However, "even where cases involve some common issues of law or fact, consolidation may be inappropriate where individual issues predominate." *Michael v. Wyeth, LLC*, No. CIV.A. 2:04-0435, 2011 WL 1527581, at *2 (S.D.W. Va. Apr. 20, 2011) (Copenhaver, J.).

*Parsons* and *Moles* present essentially identical claims, with identical proposed classes asserting identical causes of action against the same Defendants. The sole difference between the two cases is location: the named Plaintiffs in *Parsons* own property impacted by the Ripley Storage Field, and the named Plaintiffs in *Moles* own property impacted by the Hunt Storage Field in or near Elkview. Both seek to present claims on behalf of a class of plaintiffs with property in all

5

twelve storage fields in West Virginia.   Given the identity of the issues and the proposed classes, the Court finds little risk of confusion or prejudice.   *Parsons* is somewhat more advanced, and consolidation may slightly delay its progress.   However, because discovery is likely to overlap significantly, particularly as to class issues, it is likely that any delay would be minimal.   Final resolution of both cases is likely to be expedited by consolidation.

The Defendants note that "although the claims are the same in both cases, the legal analysis for each claim will be entirely different for each Plaintiff."   (Def. Resp. at 4.)   As the Plaintiffs note, however, both cases already have multiple named Plaintiffs for whom the legal implications of any individual differences will need to be determined.   The Defendants' arguments relate more to issues of class certification than consolidation—and class certification is one of the many issues that will present the same factual and legal questions in both *Moles* and *Parsons*.   Should a class be certified, consolidation will permit far more efficient and consistent resolution.   Many of the distinctions between individual Plaintiffs noted by the Defendants overlap between the two cases. Determining how to treat groups of Plaintiffs based on the date of property acquisition, ownership interest, or other distinguishing characteristics may result in sub-classes.   Making those determinations in two separate cases would create the potential for inconsistent rulings.

In addition, the two cases present common issues regarding liability and Columbia's actions.   Columbia has not suggested that it acted differently with regard to property owners impacted by the Hunt versus Ripley Storage Fields.   It would place a significant unnecessary burden on witnesses, the parties, and the Court to continue with dual discovery, motions practice, and, potentially, trials and class management procedures.   The discretion accorded to courts in managing complex class actions increases the potential that like Plaintiffs could be treated

6

differently absent consolidation.   Given the potential for somewhat individualized damages, as discussed by the Defendants, should a class be certified, creative class management or use of a special master may be warranted.   In short, litigating these actions as two separate purported class action cases would be extraordinarily burdensome and expensive.   The factors set forth in *Arnold* weigh heavily in favor of consolidation.   Therefore, the Court finds that consolidation is appropriate.

## CONCLUSION

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the *Plaintiffs' Motion to Consolidate with Related Pending Civil Action* (Document 28) be **GRANTED**.   The Court further **ORDERS** that *Moles et. al. v. Columbia Gas Transmission, LLC et. al.*, 2:20-cv-279, be **CONSOLIDATED** with *Parsons, et. al. v. Columbia Gas Transmission, LLC, et. al.*, 2:19-cv-649.   The Court **ORDERS** that Civil Action No. 2:19-cv-649 be designated as the lead case and that this action proceed under that case style.   Finally, the Court **ORDERS** that this matter be **TRANSFERRED** to the Honorable Dwane L. Tinsley, United States Magistrate Judge.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to Magistrate Judge Tinsley, to counsel of record, and to any unrepresented party.

ENTER:        September 4, 2020

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA